KNOX ROCK–BLASTING CO. v. DRAKE et al.

(Circuit Court, S. D. New York.   December 31, 1890.)

No. 4,596.

PATENTS FOR INVENTIONS—VALIDITY—PRIOR USE.
    Letters patent No. 291,606, issued January 8, 1884, to John L. L. Knox, for "an improvement in methods of and tools for blasting rocks," was not invalidated by any prior use of the invention therein described.

In Equity.   Bill by the Knox Rock-Blasting Company against Drake and Stratton for infringement of a patent.   Decree for complainant.

The bill charged defendants with infringement of letters patent No. 291,606, granted on January 8, 1884, to John L. L. Knox, for an improvement in methods of, and tools for, blasting rocks.   Defendants alleged that the patent was invalid by reason of prior use of the invention by others.   The claims of the patent, of which infringement was charged, are: "(1) The within-described method of blasting rock, whereby the alignment of the fractures upon the opposite sides of the bore· is insured, which consists, essentially, in forming longitudinal grooves in the opposite sides of a cylindrical bore, said grooves having equal sides, and so situated as that a plane bisecting two opposite grooves will bisect the axis of the cylindrical bore, substantially as and for the purposes described.   (2) The within-described instrument for cutting grooves in cylindrical blasting bores, said instrument having a hexagonal flat cutting face, two sides, c, parallel, and of the length and distance apart, equal to the sides of a square inscribed within the circle of the cylindrical bore to be operated upon, and cutting edges, a, of equal length, and so situated as that a line joining the points, b, will pass through a point equidistant from the ends of the sides, c, substantially as and for the purposes described."

W. Bakewell & Sons and Kerr & Curtis, for complainant.
Arthur C. Butts, for defendants.

WALLACE, Circuit Judge, (after stating the facts.)   It is altogether unlikely that an invention which is so useful and meritorious as the one which is the subject of the patent in suit, and which, as soon as it was patented, and introduced to the notice of quarrymen, was so immediately and generally recognized as an extremely valuable one, would have made no mark, and slumbered in obscurity, if it had been known and used by intelligent quarrymen any considerable length of time before it was patented.   The defense of prior use made by the evidence for the defendants is an unusually weak one, tested by the rules which apply to such a defense, and falls far short of the satisfactory demonstration which is required to overcome the presumption of novelty arising from the grant of letters patent. American Bell Tel. Co. v. People's Tel. Co., 22 Blatchf. 531, 536, 22 Fed. Rep. 309.   A decree is ordered for the complainant.